

FILED

2014 MAY 30 PM 4: 11

CLERK US DISTRICT COURT
CENTRAL DIST OF CALIFORNIA

BY _____

MARGARITA J MORENO
C/O 9321 SAN MIGUEL AVE
SOUTH GATE CA 90280
(323) 605-6006
Pro Se

United States District Court

California Central District

Los Angeles Division

Case No.: CV14-4199 R PJW

MARGARITA J MORENO,

    Plaintiff,

    vs.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, NORTHWEST
TRUSTEE SERVICES, INC., GREEN
TREE SERVICING, LLC, MERSCORP
HOLDINGS, INC., EXECUTIVE
TRUSTEE SERVICES, LLC dba ETS
SERVICE, GMAC MORTGAGE, LLC,
Does 1-10, inclusive,

    Defendants.

Related Case: 14F01834
Complaint Filed: February 25, 2014
Judge: Honorable PETER MIRICH

COMPLAINT FOR DAMAGES
DEMAND FOR JURY TRIAL

## COMPLAINT

MARGARTIA J MORENO, "MORENO," makes this statement of claim and
statement upon which relief can be granted Complaint against Defendants as follows:

*Jurisdiction*

*Subject Matter*



PAID
MAY 30 2014
Clerk, US District Court
COURT 4643

1

2    1.    MORENO is a consumer.

3    2.    The subject of the within action is violations by Defendants of the Fair Debt

4    Collection Practices Act, "FDCPA."

5    3.    Jurisdiction in this case is founded upon 15 U.S.C. 1692k, and is exempt

6    from amount in controversy jurisdictional limitations.

7                              *Personal*

8    4.    Defendant FEDERAL NATIONAL MORTGAGE ASSOCIATION,

9    "FNMA," is a publicly traded, privately funded, congressionally created and chartered

10   body corporate association under Title III Section 302, 12 U.S.C. 1717(a)(1) of the

11   National Housing Act, MICHAEL J WILLIAMS, Chief Executive Officer, principal office

12   in the DISTRICT OF COLUMBIA, at the address 4000 Wisconsin Ave NW,

13   WASHINGTON, DISTRICT OF COLUMBIA 20016.

14   5.    Defendant NORTHWEST TRUSTEE SERVICES, INC., "NW," STEPHEN

15   ROUTH, President, Treasurer and Chairman, has its office at the address 13555 SE 36TH

16   ST, STE 100, Bellevue WA 98006, and the registered agent for service of process, C T

17   CORPORATION SYSTEM, Joe D'Avanzo, agent, at the service address 818 West Seventh

18   Street, Los Angeles, CA 90017.

19   6.    Defendant GREEN TREE SERVICING, LLC, "GTS," CHERYL A

20   COLLINS, Chief Financial Officer, has its office at the address 345 St Peter Street, Suite

21   300 Landmark Towers, St Paul MN 55102, and the registered agent for service of process,

22   THE CORPORATION TRUST COMPANY, Brian F Corey, agent, at the service address

23   1209 Orange Street, Wilmington, DE 19801.

24   7.    Defendant MERSCORP HOLDINGS, INC., "MERS," 5034916, also known

25   as MERSCORP HOLDINGS, INC., 2915165 is a Delaware corporation, also known as

26   MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., 2990193, also known

27   as MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., 2543543 BILL

28   BECKMANN, President and Chief Executive Officer, has its office at 1818 Library Street,

COMPLAINT FOR DAMAGES

Suite 300, Reston, VA 20190, various named agents for service of process: RL&F SERVICE CORP., at the service address 920 N King St Fl 2, Wilmington, DE 19801;THE CORPORATION TRUST COMPANY, at the service address CORPORATION TRUST CENTER, 1209 Orange St, Wilmington, DE 19801; THE PRENTICE-HALL CORPORATION SYSTEM, INC., at the service address 2711 Centerville Road Suite 400, Wilmington, DE 19808.

8.     Defendant EXECUTIVE TRUSTEE SERVICES, LLC dba ETS SERVICE, LLC, "ETS," JOSEPH A PENSABENE, Manager, has its office at the address 8400 Normandale LK Blvd, Ste 350 MC:01-01, Bloomington, MN 554373, and the registered agent for service of process, CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC LAWYERS INCORPORATING SERVICE, agent THE PRENTICE-HALL CORPORATION SYSTEM, INC., 2710 Gateway Oaks Dr., Ste 150N, Sacramento, CA 95833.

9.     Defendant GMAC MORTGAGE, LLC, "GMAC," CHERYL A COLLINS, Chief Financial Officer, has its registered office in MINNESOTA, at the address 345 St Peter Street, Suite 300 Landmark Towers, St Paul MN 55102, and the registered agent for service of process, THE CORPORATION TRUST COMPANY, Brian F Corey, agent, at the service address 1209 Orange Street, Wilmington, DE 19801.

*Venue*

10.     MORENO at all times relevant is domiciled within the County and Judicial District of this Court.

11.     The Complaint is based upon the actions by the third party debt collector Defendants in the STATE of CALIFORNIA, County of LOS ANGELES, the judicial DISTRICT or similar legal entity, during the violations alleged.

*Fact Summary*

12.     ComUnity Lending, Inc., "CUL," formerly operated as a lending company in California.

COMPLAINT FOR DAMAGES

13.     On or about April 03, 2007, CUL provided MORENO access to MORENO's consumer credit, memorialized in Note 1000135174, "Note."

14.     A Deed of Trust transfer in trust covenant interest running with Land was recorded in the office of the Los Angeles County Recorder as document number 20070853680, "DOT," Note security.

15.     The consideration for access, was for MORENO to tender payments to CUL in the full amount of credit accessed, plus interest.

16.     On January 04, 2008 CUL filed a voluntary petition in bankruptcy for reorganization under Chapter 11.

17.     On November 26, 2008, CUL's voluntary petition for reorganization under Chapter 11, was converted to Chapter 7 liquidation.

18.     There was no notice to MORENO that CUL, its agents or attorneys or its Chapter 7 Trustee Suzanne Decker, that the debt agreement Note and security Deed of Trust had been assigned or CUL did not transfer any interest prior to January 04, 2008.

19.     At no time was MORENO in default under the agreement with CUL.

20.     MORENO was not in breach of the contract with CUL.

21.     MORENO performed all conditions required to be performed under the contract with CUL.

22.     The actions of the debt collector defendants, ETS, NTS, MERS, GMAC

*ETS*

23.     On May 14, 2009, ETS began a foreclosure process against MORENO with a Notice of Default, "NOD."

24.     ETS misrepresented authority to collect debt in California against MORENO, by conducting Trustee Sale No. CGM-278026-C while having the entity status of "SURRENDER" with the Office of the California Secretary of State.

25.     ETS falsely represented status of right to collect alleged debt as trustee constitutes engaging in conduct the natural consequence of which harassed, oppressed and

COMPLAINT FOR DAMAGES

abused MORENO in connection with the collection of a debt in violation of 15 U.S.C. 1692d.

26.     ETS' represented status of right to collect alleged debt as trustee in California was a false, deceptive and misleading representations and means in connection with the collection of an alleged debt in violation of 15 U.S.C. 1692e.

27.     ETS' false represented status as qualified to do business in California, is an unfair and unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. 1692f.

28.     ETS had not been appointed successor trustee as required under California nonjudicial foreclosure law.

29.     ETS, an unauthorized trustee, engaged in conduct the natural consequence of which harassed, oppressed and abused MORENO in connection with the collection of an alleged debt in violation of 15 U.S.C. 1692d.

30.     ETS, an unauthorized trustee, used false, deceptive and misleading representations and means in connection with the collection of an alleged debt the natural consequence of which harassed, oppressed and abused MORENO in connection with the collection of a debt in violation of 15 U.S.C. 1692e.

31.     ETS', false representation as an authorized trustee, is an unfair and unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. 1692f.

32.     On March 04, 2011, ETS caused the execution and recording a second NOD naming GMAC as lender and beneficiary of the MORENO Note owner authority as successor DOT trustee, where such authority had not been granted and did not exist.

33.     ETS falsely represented status of right to execute and record the NOD in the public record as trustee, and such conduct constitutes engaging in conduct the natural consequence of which harassed, oppressed and abused MORENO in connection with the collection of a debt in violation of 15 U.S.C. 1692d.

COMPLAINT FOR DAMAGES

34.    ETS' represented status of right to execute and record the NOD in the public record as trustee is a false, deceptive and misleading representation and means in connection with the collection of an alleged debt in violation of 15 U.S.C. 1692e.

35.    ETS' false representation of authority to execute and record the NOD in the public record, is an unfair and unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. 1692f.

*NTS*

36.    On January 04, 2014, by registered mail no. RE 342 634 020 US, MORENO sent written notice of debt dispute to GREEN TREE SERVICING LLC and NORTHWEST TRUSTEE SERVICES, "NTS."

37.    On August 01, 2013 NTS began a foreclosure process against MORENO with a "NOD."

38.    NTS had not been appointed successor trustee as required under California nonjudicial foreclosure law.

39.    NTS was not acting on behalf of an entity that had actual physical possession of the Note.

40.    NTS represented that the Creditor was also the Servicer, GREEN TREE SERVICING LLC.

41.    NTS, an unauthorized trustee, engaged in conduct the natural consequence of which harassed, oppressed and abused MORENO in connection with the collection of an alleged debt in violation of 15 U.S.C. 1692d.

42.    NTS, an unauthorized trustee, used false, deceptive and misleading representations and means in connection with the collection of an alleged debt the natural consequence of which harassed, oppressed and abused MORENO in connection with the collection of a debt in violation of 15 U.S.C. 1692e.

43.    NTS' false representation as an authorized trustee, is an unfair and unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. 1692f.

COMPLAINT FOR DAMAGES

44. On March 04, 2011, NTS caused the execution and recording a second NOD naming GMAC as lender and beneficiary of the MORENO Note owner authority as successor DOT trustee, where such authority had not been granted and did not exist.

45. NTS falsely represented status of right to execute and record the NOD in the public record as trustee, and such conduct constitutes engaging in conduct the natural consequence of which harassed, oppressed and abused MORENO in connection with the collection of a debt in violation of 15 U.S.C. 1692d.

46. NTS' represented status of right to execute and record the NOD in the public record as trustee is a false, deceptive and misleading representation and means in connection with the collection of an alleged debt in violation of 15 U.S.C. 1692e.

47. NTS' false representation of authority to execute and record the NOD in the public record, is an unfair and unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. 1692f.

48. NTS in falsely represented that the servicer can also be the beneficiary failed to validate the debt, and such conduct constitutes engaging in conduct the natural consequence of which harassed, oppressed and abused MORENO in connection with the collection of a debt in violation of 15 U.S.C. 1692d.

49. NTS' representation that the servicer can also be the beneficiary, is a false, deceptive and misleading representation and means in connection with the collection of an alleged debt in violation of 15 U.S.C. 1692e.

50. NTS' representation that the servicer can also be the beneficiary, is an unfair and unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. 1692f.

51. NTS' representation that the servicer can also be the beneficiary, constitutes a failure to validate the debt in violation of 15 U.S.C. 1692g.

52. On January 29, 2014 NTS filed in the public record the Trustee's Deed Upon Sale, "TDUS," as a title document when it is fact only an instrument to secure alleged debt.

53.   On January 29, 2014 NTS, published the TDUS form to create the false belief of title ownership, such conduct constitutes engaging in conduct the natural consequence of which harassed, oppressed and abused MORENO in connection with the collection of a debt in violation of 15 U.S.C. 1692d.

54.   NTS' publishing of the TDUS form to create the false belief of title ownership, is a false, deceptive and misleading representation and means in connection with the collection of an alleged debt in violation of 15 U.S.C. 1692e.

55.   NTS' false representation by publishing of the TDUS form to create the false belief of title ownership, is an unfair and unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. 1692f.

56.   NTS' false representation, by publishing of the TDUS form to create the false belief of title ownership, constitutes a failure to validate the debt in violation of 15 U.S.C. 1692g.

*MERS*

57.   On February 22, 2011, MERS executed an assignment of deed of trust purporting to grant "the Promissory Note secured by [said] Deed of Trust naming ComUnity Lending, Incorporated.

58.   MERS executed the Assignment of Deed of Trust to GMAC MORTGAGE LLC, which falsely represented to transfer beneficial interest in the Note, where MERS did not hold any interest in the Note.

59.   MERS, falsely represented beneficial interest authority to transfer the Note, and such conduct constitutes engaging in conduct the natural consequence of which harassed, oppressed and abused MORENO in connection with the collection of a debt in violation of 15 U.S.C. 1692d.

60.   MERS' false representation of beneficial interest authority to transfer the Note is a false, deceptive and misleading representation and means in connection with the collection of an alleged debt in violation of 15 U.S.C. 1692e.

COMPLAINT FOR DAMAGES

61.     MERS' false representation of beneficial interest authority to transfer the Note is an unfair and unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. 1692f.

62.     MERS, falsely representing itself as nominee of CUL, the bankrupt debtor who was out of business, purported to assign its beneficial interest in the Note and DOT by Assignment to GMAC on February 22, 2011.

63.     MERS, falsely represented beneficial interest authority to assign the DOT and transfer the Note, and such conduct constitutes engaging in conduct the natural consequence of which harassed, oppressed and abused MORENO in connection with the collection of a debt in violation of 15 U.S.C. 1692d.

64.     MERS' false representation of beneficial interest authority to assign the DOT and transfer the Note is a false, deceptive and misleading representation and means in connection with the collection of an alleged debt in violation of 15 U.S.C. 1692e.

65.     MERS' false representation of beneficial interest authority to assign the DOT and transfer the Note is an unfair and unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. 1692f.

*GMAC*

66.     On February 28, 2011, GMAC executed a Substitution of Trustee purporting to name EXECUTIVE TRUSTEE SERVICES, LLC dba ETS SERVICE, LLC as Trustee under the Deed of Trust.

67.     GMAC was neither holder of the transferred Note nor assigned DOT from MER, and for that reason the Substitution of Trustee was unauthorized.

68.     GMAC falsely represented ownership of transferred beneficial interest in the Note and DOT from MERS, and transfer the Note, and such conduct constitutes engaging in conduct the natural consequence of which harassed, oppressed and abused MORENO in connection with the collection of a debt in violation of 15 U.S.C. 1692d.

COMPLAINT FOR DAMAGES

69.     GMAC's false representation of beneficial interest in the Note and DOT from MERS is a false, deceptive and misleading representation and means in connection with the collection of an alleged debt in violation of 15 U.S.C. 1692e.

70.     GMAC's false representation of beneficial interest in the Note and DOT from MERS is an unfair and unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. 1692f.

*GTS*

71.     GTS was neither holder of the transferred Note nor assigned DOT from MER, and falsely represented itself as servicer with beneficial interest in the Note and DOT.

72.     GTS falsely represented ownership of transferred beneficial interest in the Note and DOT, and such conduct constitutes engaging in conduct the natural consequence of which harassed, oppressed and abused MORENO in connection with the collection of a debt in violation of 15 U.S.C. 1692d.

73.     GTS' false representation of beneficial interest in the Note and DOT from MERS is a false, deceptive and misleading representation and means in connection with the collection of an alleged debt in violation of 15 U.S.C. 1692e.

74.     GTS' false representation of beneficial interest in the Note and DOT from MERS is an unfair and unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. 1692f.

75.     GTS' representation that it was both the servicer and beneficiary constitutes a failure to validate the debt in violation of 15 U.S.C. 1692g.

76.     GTS' failure to validate the debt as MORENO demanded, constitutes a failure to validate the debt in violation of 15 U.S.C. 1692g.

*FNMA*

77.     On February 25, 2014, FNMA filed into the public record of the Superior Court of California, County of Los Angeles, California, as Case No. 14F01834, an unlawful detainer upon the TDUS falsely stating ownership upon foreclosure pursuant to California Civil Code sections 2924 and 2924f, and right to possession.

COMPLAINT FOR DAMAGES

78.   FNMA was the alleged purchaser of the interest sold at auction which was a purported lien and not the property itself.

79.   FNMA falsely represented ownership of MORENO's property in the UD complaint, and such conduct constitutes engaging in conduct the natural consequence of which harassed, oppressed and abused MORENO in connection with the collection of a debt in violation of 15 U.S.C. 1692d.

80.   FNMA's false representation of ownership of MORENO's property in the UD complaint, is a false, deceptive and misleading representation and means in connection with the collection of an alleged debt in violation of 15 U.S.C. 1692e.

81.   FNMA's false representation of ownership of MORENO's property in the UD complaint is an unfair and unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. 1692f.

## CIVIL LIABILITY

MORENO demands judgment for injury and harm as a direct and proximate result of each violation, by Defendants, in the statutory sum allowed as follows:

### ETS

a)   For actual damages sustained as a result of the failure to comply with and violation of 15 U.S.C. 1692d, $1,000.00.

b)   For actual damages sustained as a result of the failure to comply with and violation of 15 U.S.C. 1692e, $1,000.00.

c)   For actual damages sustained as a result of the failure to comply with and violation of 15 U.S.C. 1692f, $1,000.00.

d)   The actions of ETS were knowingly in violation of law, done with the specific intent to injure MORENO and justify imposition of punitive damages in the sum of $1,000,000.00.

### NTS

a)   For actual damages sustained as a result of the failure to comply with and violation of 15 U.S.C. 1692d, $1,000.00.

COMPLAINT FOR DAMAGES

1              b)      For actual damages sustained as a result of the failure to comply with

2  and violation of 15 U.S.C. 1692e, $1,000.00.

3              c)      For actual damages sustained as a result of the failure to comply with

4  and violation of 15 U.S.C. 1692f, $1,000.00.

5              d)      For actual damages sustained as a result of the failure to comply with

6  and violation of 15 U.S.C. 1692g, $1,000.00

7              e)      The actions of NTS were knowingly in violation of law, done with the

8  specific intent to injure MORENO and justify imposition of punitive damages in the sum of

9  $1,000,000.00.

10                            *MERS*

11              a)      For actual damages sustained as a result of the failure to comply with

12  and violation of 15 U.S.C. 1692d, $1,000.00.

13              b)      For actual damages sustained as a result of the failure to comply with

14  and violation of 15 U.S.C. 1692e, $1,000.00.

15              c)      For actual damages sustained as a result of the failure to comply with

16  and violation of 15 U.S.C. 1692f, $1,000.00.

17              d)      The actions of MERS were knowingly in violation of law, done with

18  the specific intent to injure MORENO and justify imposition of punitive damages in the

19  sum of $1,000,000.00.

20                          *GMAC*

21              a)      For actual damages sustained as a result of the failure to comply with

22  and violation of 15 U.S.C. 1692d, $1,000.00.

23               b)      For actual damages sustained as a result of the failure to comply with

24  and violation of 15 U.S.C. 1692e, $1,000.00.

25               c)      For actual damages sustained as a result of the failure to comply with

26  and violation of 15 U.S.C. 1692f, $1,000.00.

27

28

COMPLAINT FOR DAMAGES

1          d)     The actions of MERS were knowingly in violation of law, done with

2  the specific intent to injure MORENO and justify imposition of punitive damages in the

3  sum of $1,000,000.00.

4                                 *GTS*

5         a)     For actual damages sustained as a result of the failure to comply with

6  and violation of 15 U.S.C. 1692d, $1,000.00.

7         b)     For actual damages sustained as a result of the failure to comply with

8  and violation of 15 U.S.C. 1692e, $1,000.00.

9         c)     For actual damages sustained as a result of the failure to comply with

10  and violation of 15 U.S.C. 1692f, $1,000.00.

11         d)     For actual damages sustained as a result of the failure to comply with

12  and violation of  15 U.S.C. 1692g, $1,000.00.

13         e)     The actions of MERS were knowingly in violation of law, done with

14  the specific intent to injure MORENO and justify imposition of punitive damages in the

15  sum of $1,000,000.00.

16                                 *FNMA*

17         a)     For actual damages sustained as a result of the failure to comply with

18  and violation of 15 U.S.C. 1692d, $1,000.00.

19         b)     For actual damages sustained as a result of the failure to comply with

20  and violation of 15 U.S.C. 1692e, $1,000.00.

21         c)     For actual damages sustained as a result of the failure to comply with

22  and violation of 15 U.S.C. 1692f, $1,000.00.

23         d)     The actions of MERS were knowingly in violation of law, done with

24  the specific intent to injure MORENO and justify imposition of punitive damages in the

25  sum of $1,000,000.00.

26      WHEREFORE, MORENO demands judgment in the statutory amount of not less

27  than $100,000.00, plus all costs of suit.

28

COMPLAINT FOR DAMAGES

1    By reason of the malicious and intentional activity in connection with the Counter

2  Defendants violations, MORENO is entitled to punitive and exemplary damages in the

3  amount of $500,000.00.

4                                    *Verification*

5    I affirm that the foregoing is the truth of my own knowledge, under penalty of

6  perjury.

7  DATED: May 29, 2014                  Respectfully submitted,
                                        MARGARITA J MORENO
8

9                                       By: MP _____

10  ///

11  ///

12  ///

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself [X] )

MARGARITA J MORENO

**DEFENDANTS** ( Check box if you are representing yourself [ ] )

FEDERAL NATIONAL MORTGAGE ASSOCIATION, NORTHWEST TRUSTEE SERVICES, INC., GREEN TREE SERVICING, LLC, MERSCORP HOLDINGS, INC., EXECUTIVE TRUSTEE SERVICES, LLC dba ETS SERVICE, GMAC MORTGAGE, LLC, Does 1-10, inclusive

**(b)** County of Residence of First Listed Plaintiff   LOS ANGELES
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   _____
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

MARGARITA J MORENO
9321 SAN MIGUEL AVE
SOUTH GATE CA 90280

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- [ ] 1. U.S. Government Plaintiff
- [X] 3. Federal Question (U.S. Government Not a Party)
- [ ] 2. U.S. Government Defendant
- [ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)

- [X] 1. Original Proceeding
- [ ] 2. Removed from State Court
- [ ] 3. Remanded from Appellate Court
- [ ] 4. Reinstated or Reopened
- [ ] 5. Transferred from Another District (Specify)
- [ ] 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [X] Yes [ ] No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** [ ] Yes [X] No   [X] **MONEY DEMANDED IN COMPLAINT:** $ 6,020,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| [ ] 375 False Claims Act | [ ] 110 Insurance | [ ] 240 Torts to Land | [ ] 462 Naturalization Application | **Habeas Corpus:** | [ ] 820 Copyrights |
| [ ] 400 State Reapportionment | [ ] 120 Marine | [ ] 245 Tort Product Liability | [ ] 465 Other Immigration Actions | [ ] 463 Alien Detainee | [ ] 830 Patent |
| [ ] 410 Antitrust | [ ] 130 Miller Act | [ ] 290 All Other Real Property | | [ ] 510 Motions to Vacate Sentence | [ ] 840 Trademark |
| [ ] 430 Banks and Banking | [ ] 140 Negotiable Instrument | **TORTS** | **TORTS** | [ ] 530 General | **SOCIAL SECURITY** |
| [ ] 450 Commerce/ICC Rates/Etc. | [ ] 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | [ ] 535 Death Penalty | [ ] 861 HIA (1395ff) |
| [ ] 460 Deportation | | [ ] 310 Airplane | [ ] 370 Other Fraud | **Other:** | [ ] 862 Black Lung (923) |
| [X] 470 Racketeer Influenced & Corrupt Org. | [ ] 151 Medicare Act | [ ] 315 Airplane Product Liability | [ ] 371 Truth in Lending | [ ] 540 Mandamus/Other | [ ] 863 DIWC/DIWW (405 (g)) |
| [X] 480 Consumer Credit | [ ] 152 Recovery of Defaulted Student Loan (Excl. Vet.) | [ ] 320 Assault, Libel & Slander | [ ] 380 Other Personal Property Damage | [ ] 550 Civil Rights | [ ] 864 SSID Title XVI |
| [ ] 490 Cable/Sat TV | | [ ] 330 Fed. Employers' Liability | [ ] 385 Property Damage Product Liability | [ ] 555 Prison Condition | [ ] 865 RSI (405 (g)) |
| [ ] 850 Securities/Commodities/Exchange | [ ] 153 Recovery of Overpayment of Vet. Benefits | [ ] 340 Marine | **BANKRUPTCY** | [ ] 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| [ ] 890 Other Statutory Actions | [ ] 160 Stockholders' Suits | [ ] 345 Marine Product Liability | [ ] 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |
| [ ] 891 Agricultural Acts | [ ] 190 Other Contract | [ ] 350 Motor Vehicle | [ ] 423 Withdrawal 28 USC 157 | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 871 IRS-Third Party 26 USC 7609 |
| [ ] 893 Environmental Matters | [ ] 195 Contract Product Liability | [ ] 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | [ ] 690 Other | |
| [ ] 895 Freedom of Info. Act | [ ] 196 Franchise | [ ] 360 Other Personal Injury | [ ] 440 Other Civil Rights | **LABOR** | |
| [ ] 896 Arbitration | **REAL PROPERTY** | [ ] 362 Personal Injury-Med Malpractice | [ ] 441 Voting | [ ] 710 Fair Labor Standards Act | |
| [ ] 899 Admin. Procedures Act/Review of Appeal of Agency Decision | [ ] 210 Land Condemnation | [ ] 365 Personal Injury-Product Liability | [ ] 442 Employment | [ ] 720 Labor/Mgmt. Relations | |
| | [ ] 220 Foreclosure | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 443 Housing/ Accommodations | [ ] 740 Railway Labor Act | |
| [ ] 950 Constitutionality of State Statutes | [ ] 230 Rent Lease & Ejectment | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 445 American with Disabilities-Employment | [ ] 751 Family and Medical Leave Act | |
| | | | [ ] 446 American with Disabilities-Other | [ ] 790 Other Labor Litigation | |
| | | | [ ] 448 Education | [ ] 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number: _____

CV14-4199

CV-71 (11/13)   **CIVIL COVER SHEET**   Page 1 of 3

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII.  VENUE:**  Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles | Western |
| If "no," go to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
|  | ☐ Orange | Southern |
|  | ☐ Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☒ Yes  ☐ No | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. |  |
| If "no," go to Question C.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
|  | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
|  | ☐ Orange | ☐ Orange | Southern |
|  | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
|  | ☐ Other | ☒ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1.  Is either of the following true?  If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2.  Is either of the following true?  If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | LOS ANGELES |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?    ☒ NO    ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?    ☒ NO    ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**    by:  MARGARITA J MORENO _[signature]_    DATE: May 30, 2014

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |