JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITA J MORENO, | ) CASE NO. CV 14-4199-R |
| | ) |
| Plaintiff, | ) ORDER DISMISSING COMPLAINT FOR |
| | ) LACK OF SUBJECT MATTER |
| v. | ) JURISDICTION |
| | ) |
| FEDERAL NATIONAL MORTGAGE | ) |
| ASSOCIATION, et al., | ) |
| | ) |
| Defendants. | ) |

Before the Court is Plaintiff Margarita J Moreno's ("Moreno") "Emergency Ex Parte Application for Temporary Restraining Order" ("Motion"), which was filed on June 20, 2014. The Motion and the underlying complaint ("Complaint") relate to real property located at 9321 San Miguel Avenue, South Gate, CA 90280 ("the Property"). Moreno requests an order "staying the Trial Court's judgment by default and order for execution of the writ of possession." Motion p. 1. The trial court judgment that is the subject of the Motion was entered in a state court unlawful detainer proceeding relating to the Property. *Id.* p. 2.

This case must be dismissed due to a lack of federal subject matter jurisdiction. Pursuant to the *Rooker-Feldman* doctrine "review of state court decisions may only be conducted in the United States Supreme Court. Lower federal courts may not review such decisions." *Partington v.*

*Gedan*, 961 F.2d 852, 864 (9th Cir. 1992). "If claims raised in the federal court action are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).

The instant complaint challenges the soundness of the state court proceeding which culminated in the default judgment order. *See, e.g.*, Compl. ¶ 80 ("FNMA's false representation of ownership of [the Property] in the UD complaint, is a false, deceptive and misleading representation and means in connection with the collection of an alleged debt in violation of 15 U.S.C. [§] 1692e."). Adjudication of Plaintiff's contention that FNMA has no ownership interest in the Property would require this Court to interpret the state court's application of state laws and would undercut the state court's order. As a result the complaint must be dismissed due to a lack of subject matter jurisdiction. Dismissal is without leave to amend because any amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). In light of the dismissal of the Complaint the Motion is denied as moot.

**IT IS HEREBY ORDERED** that the Complaint is dismissed.

Dated: June 25, 2014.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE